**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Trustees of IRON WORKERS DEFINED
CONTRIBUTION PENSION FUND,
Trustees of IRON WORKERS LOCAL NO.
25 PENSION FUND, Trustees of IRON
WORKERS HEALTH FUND OF EASTERN
MICHIGAN, Trustees of IRON WORKERS
LOCAL NO. 25 VACATION PAY FUND;
and Trustees of IRON WORKERS
APPRENTICESHIP FUND OF EASTERN
MICHIGAN,

Case No. 21-cv-13041

Honorable Nancy G. Edmunds

    Plaintiffs,
v.

NEXT CENTURY REBAR, LLC,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' APPLICATION**
**FOR WAIVER OF LOCAL COUNSEL REQUIREMENT [2]**

Plaintiffs' counsel, Laura H. Lindsay and William A. Cumming, are admitted to the State Bar of Minnesota, but not the State Bar of Michigan. The matter is before the Court on Plaintiffs' counsel's Application For Waiver Of Local Counsel Requirement. (ECF No. 2.) In the application, Plaintiffs' counsel asserts they are admitted to the Eastern District of Michigan, have substantial experience litigating the federal questions raised in this matter, have the professional capabilities to conduct this case in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan, and are able to attend hearings in this district should that become necessary. Moreover, Plaintiffs' counsel states that an associate attorney in their law firm, Jacob Lorence, is

1

currently awaiting admission to the State Bar of Michigan and expects to be admitted during the first quarter of 2022, while this case remains pending. The Court's search of previous cases reveals that Mr. Cumming has appeared in at least one other recent matter before a different judge in the Eastern District of Michigan.

District courts have the authority to issue local rules governing the admission of counsel. 28 U.S.C. § 1654; Fed. R. Civ. P. 83. In this District, Local Rule 83.20 provides that "a member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district." E.D. Mich. L.R. 83.20(f)(1). But, "[o]n application, the court may relieve an attorney who is not an active member of the state Bar of Michigan of the obligation to specify local counsel." *Id.*

Courts in this district have generally required compliance with this rule. *See, e.g.*, *Nuffer v. Aetna Life Insurance Company*, No. 20-10935, 2020 WL 12739579, at *1 (E.D. Mich. Sept. 1, 2020) (denying application despite lack of opposition from opposing counsel after concurrence was sought pursuant to L.R. 7.1(a)); *Edwards v. Carat USA, Inc.*, No. 2:19-CV-12703, 2020 WL 12655562, at *1 (E.D. Mich. Mar. 30, 2020) (denying application after finding attorney was underqualified for the relief requested); *Wysocki v. Colvin*, No. CV 16-11753, 2016 WL 9212017, at *1 (E.D. Mich. May 27, 2016) (denying application after noting the necessity of strict adherence to the local rule in Social Security cases). *But see Charters v. John Hancock Life Ins. Co.*, No. 09-50157, 2009 WL 818185, at *1 (E.D. Mich. Mar. 27, 2009) (granting unopposed application in a miscellaneous case).

Nevertheless, given Plaintiffs' counsel's experience, the nature of the complaint, the ability of the Court and the parties to conduct video conferences and hearings, and Mr. Lorence's pending admission to the State Bar of Michigan, the Court GRANTS Plaintiffs' Application for Waiver of Local Counsel Requirement. Mr. Lorence shall file an appearance in this matter and keep the Court apprised of any changes regarding his pending admission to the State Bar of Michigan.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 7, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager