UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF IRON WORKERS
DEFINED CONTRIBUTION PENSION
FUND, *et al.*,

        Plaintiffs,

v.

NEXT CENTURY REBAR, LLC,

        Defendant.

_____/

Case No. 21-cv-13041

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFFS' APPLICATION FOR LOCAL COUNSEL WAIVER**

Plaintiffs Trustees of the Iron Workers' Local No. 25 Pension Fund, *et al.*, bring this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132 ("ERISA"), to collect what they allege are delinquent fringe benefit contributions owed to them by Defendant Next Century Rebar, LLC. Before the Court is Plaintiffs' second application for waiver of the local counsel requirement found in Eastern District of Michigan Local Rule 83.20(f).

Plaintiffs filed their original application for waiver of local counsel requirement on December 30, 2021, the same day their Complaint was filed. (ECF No. 2.) The Court granted that application due, in part, to the pending admission of Attorney Jacob Lorence to the State Bar of Michigan. When Mr. Lorence withdrew as counsel from this case, the Court ordered Plaintiffs to secure local counsel by June 17, 2022. (ECF Nos. 20, 21.) Plaintiffs did not secure local counsel by this date and the Court granted an extension more than one month after the June 17th deadline had passed. After Plaintiffs filed their proposed witness list on July 15, 2022, Defendant objected and noted that Plaintiffs'

1

failure to comply with the Order to secure local counsel resulted in a delay to the progression of the case to the prejudice of Defendant. (ECF No. 23, PageID.304.) Plaintiffs finally secured local counsel on July 25, 2022 and now apply for a second waiver. (ECF Nos. 24, 27.)

In their application, Plaintiffs state they were not notified of the Court's Order requiring local counsel "[d]ue to an apparent error in the ECF filing system." They further provide that one of Plaintiffs' attorneys has applied for admission to the State Bar of Michigan, though there is no indication that the attorney plans to conduct business from a local office. Plaintiffs also do not indicate whether they sought concurrence from Defendant in their application, but the Court assumes based on Defendant's prior objection that Defendant opposes Plaintiffs' request to proceed without the assistance of local counsel. *See* E.D. MI 7.1(a)(1) ("The movant must ascertain whether the contemplated motion . . . will be opposed.")

In the Order granting Plaintiffs' first application, this Court noted that courts in this district generally require compliance with Local Rule 83.20(f). (ECF No. 5, PageID.16 (citing *Nuffer v. Aetna Life Insurance Company*, No. 20-10935, 2020 WL 12739579, at *1 (E.D. Mich. Sept. 1, 2020) (denying application despite lack of opposition from opposing counsel after concurrence was sought pursuant to L.R. 7.1(a)); *Edwards v. Carat USA, Inc.*, No. 2:19-CV-12703, 2020 WL 12655562, at *1 (E.D. Mich. Mar. 30, 2020) (denying application after finding attorney was underqualified for the relief requested); *Wysocki v. Colvin*, No. CV 16-11753, 2016 WL 9212017, at *1 (E.D. Mich. May 27, 2016) (denying application after noting the necessity of strict adherence to the local rule in Social Security cases)). Nevertheless, the Court granted Plaintiffs' application because the case was

newly filed, because it was expected that Mr. Lorence would be admitted to the State Bar of Michigan relatively early in the case, and because the Court was able to conduct video conferences and hearings, among other things. (ECF No. 5, PageID.17.) These reasons are largely no longer present. While the Court still currently has the ability to conduct video conferences and hearings, there is no guarantee that this will continue be a viable option in the future given the return to in-person proceedings following COVID-related shutdowns. Moreover, the age of the case, the claimed prejudice to Defendants, Plaintiffs' failure to abide by the Court's Order to secure local counsel by June 17th, and the alleged issues Plaintiffs experienced with the Court's ECF filing system weigh against granting the present application.

Plaintiffs' second application for waiver of local counsel requirement is therefore DENIED.

SO ORDERED.

                                                          s/ Nancy G. Edmunds
                                                          Nancy G. Edmunds
                                                          United States District Judge

Dated: October 18, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2022, by electronic and/or ordinary mail.

                                                          s/ Lisa Bartlett
                                                          Case Manager