UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF IRON WORKERS
DEFINED CONTRIBUTION PENSION
FUND, TRUSTEES OF IRON WORKERS
LOCAL NO. 25 PENSION FUND,
TRUSTEES OF IRON WORKERS
HEALTH FUND OF EASTERN
MICHIGAN, TRUSTEES OF IRON
WORKERS LOCAL 25 VACATION PAY
FUND, and TRUSTEES OF IRON
WORKERS APPRENTICESHIP FUND OF
EASTERN MICHIGAN,

Case No. 2:21-cv-13041
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

    Plaintiffs,

v.

NEXT CENTURY REBAR, LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
PLAINTIFFS' MOTION TO AMEND THE JUDGMENT
TO INCLUDE FEES AND COSTS (ECF No. 48)[1]**

I.    Introduction

This is an action for collection of fringe benefits under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001.  Plaintiffs,

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

listed in the case caption, are the Trustees of certain multiemployer funds (the Trustees) established under Section 302 of the Labor Management Relations Act of 1947 (the Taft-Hartley Act), 29 U.S.C. § 186(c). They sued defendant Next Century Rebar, LLC (Next Century) for alleged unpaid contributions to fringe benefit funds under a labor contract for work performed by ironworkers within the Trustees' jurisdiction. (ECF No. 1). The Trustees filed a motion for summary judgment, (ECF No. 36), which was granted, (ECF Nos. 43, 44), and the district court entered judgment for the Trustees in the amount of $2,218,974.96 plus attorneys' fees and costs.[2] The opinion and order also specified that the Trustees may "file a motion to amend the judgment to include specific costs and attorney fees" under Federal Rule of Civil Procedure 59(e).[3] (ECF No. 43, PageID.1355).

Before the Court is the Trustees' motion to amend the judgment to include attorneys' fees and costs. (ECF No. 48). The Trustees seek $110,902.50 in attorneys' fees and $18,233.15 in costs. (*Id.*). The motion has been referred to the undersigned for a report and recommendation. (ECF No. 49). Next Century filed a response, (ECF No. 50), and the time for a reply has passed. For the reasons that

---

[2] Next Century has filed a notice of appeal, (ECF No. 46), and continues to dispute liability in this case, (ECF No. 50).

[3] Despite the pending appeal, "[w]hen a party has filed a timely motion to alter or amend a judgment after a notice of appeal has been filed, the district court still retains jurisdiction to consider the motion." *O'Sullivan Corp. v. Duro–Last, Inc.*, 7 F. App'x 509, 519 (6th Cir. 2001) (citations omitted).

follow, the undersigned recommends that the Trustees' motion be GRANTED IN PART. The Trustees' request for attorneys' fees should be reduced by 10%, resulting in an award of $99,812.25. The Trustees' request for costs should be awarded in the full amount of $18,233.15.

## II.     Legal Standard

Under 29 U.S.C. § 1132(2), when a judgment in favor of a plan is awarded, the court shall award reasonable attorneys' fees and costs. *Bd. of Trs. of Ohio Laborers' Fringe Ben. Programs v. Dixon Masonry, Inc.*, No. 2:09-cv-01013, 2011 WL 3793502, at *3 (S.D. Ohio Aug. 25, 2011). Plaintiffs bear the burden of "documenting [their] work" to justify their entitlement to attorneys' fees and costs. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). They must submit evidence supporting both the number of hours worked and the hourly rates claimed, and if the evidence is insufficient, the court may reduce the award accordingly. *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*, No. 1:16-CV-10317, 2023 WL 4623871, at *5 (E.D. Mich. July 19, 2023). Plaintiffs "must also prove that the hours invested in the case were reasonable and make a genuine effort to exclude hours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal quotation marks and citations omitted).

"The starting point for determining the amount of reasonable attorney's fees

3

is the 'lodestar' amount." *Trs. of Sheet Metal Workers Loc. 7 Zone 3 Health Fund v. Traverse Bay Roofing Co.*, No. CV 17-12573, 2018 WL 4906613, at *1 (E.D. Mich. July 10, 2018). "This is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 565-66 (1986).

The court is not required to conduct an "accountant" level audit or engage in a "line-item review" of plaintiffs' counsel's billing records. *Howe v. City of Akron*, 705 F. App'x 376, 382-83 (6th Cir. 2017). "This Circuit has not articulated a clear requirement that when an across-the-board reduction to attorneys' fees is based on multiple factors, the court must specify how much of the reduction is attributable to each factor; nor do we do so today." *Id.* (internal quotation marks and citations omitted). District courts assessing fee requests "must simply [ ] do 'rough justice.' " *Id.* (quoting *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016)) (alteration in original). "This means that the court can rely on estimates based on its 'overall sense of a suit.' " *Husted*, 831 F.3d at 703 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

III.  Discussion

### A.  Parties' Arguments

### 1.  The Trustees

As noted above, the Trustees request attorneys' fees of $110,902.50 and costs of $18,233.15. The Trustees attached an itemized billing entry to their motion, which shows that 388.8 hours were expended on the case by various attorneys. (ECF No. 48-3). In support of the reasonableness of these hours, the Trustees have included an affidavit from one of their attorneys and shareholders, stating that the hours were "necessary for the proper representation of [the Trustees]," necessitated in part by Next Century's various unsuccessful arguments and defenses to avoid liability, as well as its voluminous discovery production and discovery requests. (ECF No. 48-2, PageID.1381).

Regarding the reasonableness of the hourly rates charged to the Trustees, the affidavit states as follows:

> Attorney William A. Cumming is a shareholder with over 30 years of experience in the representation of Taft-Hartley benefit funds such as the [Trustees], and has significant experience with ERISA matters and the collection of delinquent fringe benefit contributions. Mr. Cumming participated and advised in this case throughout its duration. Mr. Cumming's billing rate on this matter was $395 per hour.
>
> Attorney Laura H. Lindsay [the affiant] is a shareholder with over 12 years' experience in representing ERISA clients and the pursuit of delinquent contractor actions in federal court. Ms. Lindsay participated and advised in this case throughout its duration. Ms. Lindsay's billing rate on this matter was between $290 and $295 per hour.
>
> Attorneys Jacob L. Lorence, Joseph L. Reutiman, and Will M. Florek

> are associates who incurred time on this case over its near two-year span on behalf of the [Trustees]. Each of these attorneys has litigation experience and was billed at a rate of $240 or $250 per hour.
>
> Hessian & McKasy, P.A. also utilized a Law Clerk, Jacqueline M. Tousley-Adams, to provide assistance on document review and other research matters associated with this litigation. Ms. Tousely-Adams' rate was billed at $150 per hour.

(*Id.*, PageID.1380-1381).

In support of the reasonableness of these rates, the Trustees attached the State Bar of Michigan 2023 Economics of Law Survey Results (the Survey). (ECF No. 48-4). The Survey indicates that for plaintiff's-side insurance law, the 25th percentile rate was $350, the median rate was $450, the 75th percentile rate was $550, and the 95th percentile rate was $700. (*Id.*).

The Trustees' affidavit also sets forth and verifies the costs of litigation as follows:

> a. Auditor costs for audit and litigation: $13,090.50
> b. Complaint filing cost: $402.00
> c. Service of process costs: $88.00
> d. Deposition transcripts: $2,009.03
> e. Travel costs for numerous depositions in September and October 2022: $2,643.62
>
> **Total costs: $18,233.15**

(ECF No. 48-2, PageID.1382 (emphasis added)).

2. Next Century

Next Century argues that the Trustees' "requested fees and costs are

unsupported by actual invoices or audit records, and the hours billed are excessive, duplicative, and vague, and therefore unreasonable and the motion must be denied." (ECF No. 50, PageID.1426). Next Century's arguments are summarized as follows:

- The Trustees' counsel billed nearly twenty hours to draft the complaint, but has been engaged in similar proceedings and has used nearly identical pleadings in those proceedings. *See* ECF No. 50-2 (example of similar complaints),
- Associate attorneys have billed a substantial number of hours, in large batches of time, with short and vague descriptions of the work performed, often for revising, further revising, editing, and further editing the pleadings,
- The Trustees' counsel spent an inordinate amount of time on clerical work, such as reading, editing, filing, and researching for process servers,
- One attorney, Ms. Lindsay, reviewed the audit for approximately 48.5 hours before the complaint was even filed, and
- The proof of costs submitted does not include an actual invoice for the audit.

(*Id.*, PageID.1427-1428).

In support of its requested reductions in the Trustees' attorneys' fees, Next Century has attached a highlighted copy of the Trustees' billing entries, highlighting entries that were "related to audit," "clerical time," and "duplicative/redundant/vague time." (ECF No. 50-3). Although certain attorneys' hourly rates are referenced in Next Century's motion, Next Century does not argue that the rates themselves are unreasonable.

B. Analysis

7

As will be explained below, portions of the Trustees' itemized hourly work are described insufficiently to prove that the work "was performed with reasonable diligence and efficiency." *See Trs. of Detroit Carpenters Fringe Benefit Funds v. Andrus Acoustical, Inc.*, No. 11-CV-14656, 2018 WL 3524692, at *4 (E.D. Mich. July 23, 2018). Next Century has highlighted instances where parts or all of the described work was clerical in nature and could have been handled by paralegals or other staff at much lower rates. Not all of Next Century's objections have merit, but based on those that do, the undersigned recommends a 10% reduction in the attorneys' fees requested by the Trustees.

1. Vague Billing Entries

"The key requirement for an award of attorney fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (internal quotation marks and citation omitted). Vague descriptors and string-cite blocks of tasks have been found in certain instances to be "insufficient billing descriptions." *Id.* Block billing is not prohibited *per se* in the Sixth Circuit. *Howe*, 705 F. App'x at 383. However, vague and repetitive billing can render it "difficult to ascertain whether counsel's time was reasonably expended without a

more detailed description of the work that was done." *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 373 (6th Cir. 2015).

First, Next Century argues that the Trustees' counsel's time spent reviewing the audit, 48.5 hours, is excessive and insufficiently described. Next Century notes that numerous entries represent ongoing analysis of documents related to the audit. (ECF No. 50-3, PageID.1474, 1479, 1481-1482, 1485). For instance, after ten attorney hours spent on receiving and reviewing audit documents and correspondences with the auditor, there is an entry for 6.6 hours that simply states, "Review discovery from auditor; research reciprocal agreements and related issues." (*Id.*, PageID.1470-1474). Without further evidence, it is impossible to know how much of that time was spent on further audit review, and how much was spent researching other issues.

Further, while some entries indicate specific audit-related issues, such as "Ongoing analysis of documents produced regarding payments to other funds," (*id.*, PageID.1481), and "Review updated calculation and report from auditor for additional contributions owing," (*id.*, PageID.1483), many are vague. Entries such as "Correspondence with auditor," (*id.*, PageID.1477), and "Emails with auditor. Obtain and review additional documents and drafts, correspondence from auditor," (*id.*, PageID.1478), provide the Court with little information as to the necessity of the work. Thus, the audit-related entries contribute to the recommended reduction

9

of the Trustees' attorneys' fees.

Second, the undersigned agrees with Next Century that the 26.65 hours expended on finalizing the complaint was insufficiently documented, given its similarity to complaints the Trustees' counsel had previously drafted and no mention of the complexity of the claims in the Trustees' affidavit. For instance, after the complaint was drafted and edited and a clean copy was made, the complaint was reviewed, revised, and edited for an additional 5.9 attorney hours. (*Id.*, PageID.1471). After that, attorneys spent an additional 0.4 hours researching process servers, 0.5 hours conducting a final review, 0.5 hours "assist[ing] in filing complaint," and a 2.5-hour entry to "Finalize complaint and related materials. Compile civil cover sheet information. Review process servers and requirements. File all documents with court. Obtain case number and judicial assignment. Obtain filed copies from court." (*Id.*). These entries, without further explanation, do not demonstrate performance of the task with reasonable diligence and efficiency.

Third, Next Century takes issue with several large blocks of time billed with short descriptions, "leaving one to wonder exactly what work was completed." (ECF No. 50, PageID.1433). For instance, one entry for 4.6 hours states, "Conduct final review of case file. Draft initial disclosures and meet regarding same." (ECF No. 50-3, PageID.1473). One day earlier, the same attorney entered 2.3 hours for

10

the following: "Conduct case file review for initial disclosure obligation; compile witnesses and initial documents." (*Id.*). Other large entries include "Perform legal research associated with third party complaint," "Ongoing research associated with [third] party complaint," "Research standard for third party complaint and legal claims asserted," and 6.7 hours for "Ongoing assessment [of] legal claims in [third] party complaint. Conference with counsel." (*Id.*, PageID.1475). Entries over the course of two weeks related to the third-party complaint add up to thirty-eight attorney hours.

    That said, the Trustees' counsel's entries are not as egregious as those in *Andrus Acoustical*, which involved the following billing entries:

| | |
|---|---:|
| 3/05/2013/WBF: Work on brief facts. | 8.00 |
| 3/06/2013/WBF: Continue working on facts for summary judgment motion. | 8.00 |
| 3/07/2013/WBF: Continue working on facts for summary Judgment motion. | 8.00 |
| 3/08/2013/WBF: Continue working on facts for summary Judgment motion. | 8.00 |
| 3/18/2013/WBF: Work on brief. | 8.00 |
| 3/19/2013/WBF: Work on brief. | 9.00 |
| 3/20/2013/WBF: Work on brief. | 8.00 |

*Andrus Acoustical, Inc.*, 2018 WL 3524692, at *4. There, the court found that the large and "round" entries like the above left "too much uncertainty as to whether

11

the task was performed with reasonable diligence and efficiency." *Id.* As a result, the court concluded that a "modest reduction of 15%" was justified.

While the Trustees' counsel's highlighted entries in this case are not suspiciously round, they are rather large and contain little description as to how the time was spent. Thus, those entries contribute to the recommended reduction in attorneys' fees.

2. Clerical Entries

Next Century highlights a number of billing entries that it argues "did not require attorney analysis or expertise and should have been completed by an assistant, legal clerk, and/or paralegal." (ECF No. 50, PageID.1431).

"It is well-settled that purely clerical tasks, even performed by a paralegal, cannot be included in an award of attorney's fees." *Salamango v. NCSPlus Inc.*, No. 2:14-CV-10189, 2014 WL 3900583, at *6 (E.D. Mich. Aug. 11, 2014) (citing *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs,* 522 F.3d 657, 666 (6th Cir. 2008)).

Multiple entries before the filing of the complaint appear to be clerical in nature, though they are billed by attorneys at attorney rates. There are multiple entries regarding the local rule filing requirement, researching of process servers, filing and assisting in the filing of the complaint, obtaining copies of filed documents, and compiling civil cover sheet information. (ECF No. 50-3,

12

PageID.1471). There are further entries regarding summons, service, filing notices, reviewing dates, and calculating deadlines that do not justify hourly rates of $250, $295, or $395. (*Id.*, PageID.1472-1473). Similarly, entries appear throughout the document regarding deadlines, obtaining (not reviewing) notifications, sending and serving documents, (*id.*, PageID.1474), reviewing rules on filing, (*id.*, PageID.1475), discussing dates with the Court's law clerks, (*id.*, PageID.1476), Bates stamping, obtaining signatures, (*id.*, PageID.1478), and so on.

Not every entry highlighted by Next Century appears to be purely clerical or objectionable for an attorney to handle, such as reviewing discovery documents for attorney-client and work product privilege, (*id.*, PageID.1474), or reviewing court orders, (*id.*, PageID.1484), but there is enough to justify a reduction in attorneys' fees.

3. Costs

Last, the undersigned considers Next Century's objection to the audit cost of $13,090.50. It argues that because the Trustees did not submit an itemized invoice or proof of billing, the request for the cost of the audit must be denied. However, the cost of the audit is verified by the Trustees' sworn affidavit from an attorney that worked closely on this case and on the review of the audit, specifically. Furthermore, although Next Century criticizes the cost of the audit as "outrageous," it has presented no evidence or case law that renders it so. In the

absence of any reason to doubt the veracity of the audit cost, as verified by affidavit testimony, the undersigned does not recommend reducing the chargeable cost of the audit to Next Century.

IV. Conclusion

For the reasons stated above, the undersigned recommends that the Trustees' motion be GRANTED IN PART. The Trustees' request for attorneys' fees should be reduced by 10%, resulting in an award of $99,812.25. The Trustees' request for costs should be awarded in the full amount of $18,233.15.

Dated: November 29, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 29, 2023.

                                                              s/Carolyn Ciesla
                                                              CAROLYN CIESLA
                                                              Case Manager